**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| JENNIFER BRADLEY,<br><br>Plaintiff,<br><br>vs.<br><br>EXETER FINANCE, LLC, PRIMERITUS FINANCIAL SERVICES, INC., AND JOHN DOES I-X,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1.  Plaintiff Jennifer Bradley brings this action against Defendants Exeter Finance, LLC ("Exeter"), Primeritus Financial Services, Inc. ("PFS"), and John Does I-X pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Article 9 of the Uniform Commercial Code ("UCC"), S.C. Code § 36-9-101 *et seq.*

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Ms. Bradley's action occurred in this district, where she resides in this district, and where Defendants transact business in this district.

1

## PARTIES

4. Ms. Bradley is a natural person who at all relevant times resided in the State of South Carolina, and City of Greenville.

5. Ms. Bradley is allegedly obligated to pay a debt.

6. Ms. Bradley is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Exeter is a company that regularly purchases or services consumer paper in the form of automobile loans, and has its principal place of business in this district.

8. Exeter is an entity in whose favor a security interest was created in the vehicle at issue in this matter.

9. Exeter is a "secured party" as defined by S.C. Code § 36-9-102(a)(73).

10. PFS is a Tennessee corporation.

11. PFS is an entity that at all relevant times was acting as a repossession agent working at the behest of Exeter.

12. At all relevant times, PFS was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

13. PFS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained

15. Does I-X are persons and/or entities that at all relevant times were acting as repossession agents working at the behest of PFS and Exeter.

16. At all relevant times, Does I-X were persons and/or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

17. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. On or about April 29, 2019, Ms. Bradley purchased a 2014 Toyota 4 Runner (the "Vehicle") from MCE Automotive dba Toyota of Greer.

19. Ms. Bradley purchased and used the Vehicle for her own personal, family, and household use.

20. The Vehicle constitutes "consumer goods" as defined by S.C. Code § 36-9-102(a)(23).

21. Ms. Bradley purchased the Vehicle on credit and executed a loan agreement in MCE Automotive's favor (the "Contract")

22. As part of her loan agreement, Ms. Bradley granted MCE Automotive and its assignees a security interest in the Vehicle.

23. The Vehicle constitutes "collateral" as defined S.C. Code § 36-9-102(a)(12).

24. Thereafter, the Contract was assigned to Exeter.

25. Thereafter, Exeter engaged its repossession agent, PFS to accomplish the repossession of the Vehicle.

26. PFS in turn hired Does I-X to actually repossess the Vehicle.

27. On or about October 13, 2020, in the afternoon, Does I-X went to Ms. Bradley's home to repossess the Vehicle.

28. When Does I-X's employee arrived at Ms. Bradley's home, Ms. Bradley's fiancé noticed Does I-X employee attempting to repossess the Vehicle.

29. He ran out and immediately confronted the employee of Does I-X and protested the repossession loudly and vehemently.

30. Ms. Bradley's fiancé jumped inside the Vehicle and refused to leave.

31. Does I-X's employee disregarded Ms. Bradley and her fiancé's protests and attempted to continue with the repossession.

32. Does I-X's employee even lifted the Vehicle while Ms. Bradley's fiancé occupied it.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## DOES I-X

33. Ms. Bradley repeats and re-alleges each factual allegation contained above.

34. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

35. Ms. Bradley and her fiancé protested Does I-X's repossession, and a loud and rowdy confrontation ensued. Nonetheless, Does I-X attempted to continue the repossession and thereby breached the peace.

36. Does I-X used physical force on the body of Ms. Bradley's fiancé during the repossession and thereby breached the peace.

37. Because Does I-X breached the peace, they lost the right to continue with their repossession.

38. Nonetheless, Does I-X continued with their repossession after the right to do so was lost.

39. Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Ms. Bradley's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest or when the property was exempt from such dispossession or disablement.

WHEREFORE, Ms. Bradley prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Ms. Bradley statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Ms. Bradley actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Ms. Bradley reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Ms. Bradley pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## PFS

40. Ms. Bradley repeats and re-alleges each factual allegation contained above.

41. South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

42. Ms. Bradley and her fiancé protested Does I-X's repossession, and a loud and rowdy confrontation ensued. Nonetheless, Does I-X attempted to continue the repossession and thereby breached the peace.

43. Does I-X used physical force on the body of Ms. Bradley's fiancé during the repossession and thereby breached the peace.

44. Because Does I-X breached the peace, they lost the right to continue with their repossession.

45. Nonetheless, Does I-X continued with their repossession after the right to do so was lost.

46. Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Ms. Bradley's property where there was no present right to possession of the property claimed as

collateral through an enforceable security interest, or when such property was exempt from such dispossession or disablement.

47. PFS, as the debt collector that hired Does I-X is liable for Does I-X's violation of the FDCPA.

WHEREFORE, Ms. Bradley prays for relief and judgment, as follows:

a) Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that PFS as the debt collector that hired Does I-X is liable for Does I-X's violation of 15 U.S.C. § 1692f(6)(A);

c) Awarding Ms. Bradley statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Ms. Bradley actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Ms. Bradley reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Ms. Bradley pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF S.C. CODE § 36-9-609(B)(2)
## EXETER

48.  Ms. Bradley repeats and re-alleges each factual allegation contained above.

49.  South Carolina law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." S.C. Code § 36-9-609.

50.  However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

51.  Moreover, "courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." Official Commentary to S.C. Code § 36-9-609 at Comment 3.

52.  Exeter's repossession agents, Does I-X, breached the peace by continuing the repossession in the face of Ms. Bradley and her fiancé's unequivocal protest, and by using force on the body of Ms. Bradley's fiancé.

53.  Exeter violated S.C. Code § 36-9-609 when its repossession agents, Does I-X, breached the peace during its attempted repossession Ms. Bradley's Vehicle.

WHEREFORE, Ms. Bradley prays for relief and judgment, as follows:

   a)  Adjudging that Exeter violated S.C. Code § 36-9-609;

8

    b) Awarding Ms. Bradley statutory damages, pursuant to S.C. Code § 36-9-625(c)(2);

    c) Awarding Ms. Bradley actual damages, pursuant to S.C. Code § 36-9-625(c)(1);

    d) Awarding Ms. Bradley pre-judgment and post-judgment interest as permissible by law; and

    e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

54. Ms. Bradley is entitled to and hereby demands a trial by jury.

Dated: October 5, 2021.

    Respectfully submitted,

    /s/ Chauntel Bland
    Chauntel Bland (USDC Bar No. 11064)
    463 Regency Park Drive
    Columbia, SC 29210
    Telephone: (803) 319-6262
    Chauntel.bland@yahoo.com
    Attorneys for Plaintiff

**Please send correspondence to the below address**

    Chauntel Bland
    Thompson Consumer Law Group, PC
    11445 E Via Linda, Ste. 2 #492
    Scottsdale, AZ 85259